IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00074-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**DONALD RENNER,**

       **Defendant.**

---

**DEFENDANT DONALD RENNER'S UNOPPOSED MOTION TO EXCLUDE ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**

---

MR. DONALD RENNER, through undersigned counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding one hundred twenty (120) days from the speedy trial time limitations and vacating both the motions deadline (set at April 15, 2022) and the Jury Trial date (set at May 16, 2022) that were set by the Court. The government does not oppose the present Motion.

**I.    Procedural Background**

1. On February 24, 2022, the government filed a one count Indictment in the District of Colorado against Mr. Renner, alleging a violation of 18 U.S.C. §844(f)(1). *See* Doc. 1. A warrant was issued that day. *See* Doc. 3.

2. On or about March 15, 2022, Mr. Renner was arrested in the District of Colorado. *See* Doc. 4. That same day, he appeared before the Honorable Magistrate Judge Scott T. Varholak for an Initial Appearance. *See* Doc. 5. Through counsel, Mr. Renner entered a plea of "Not Guilty." *See id.* The government did not seek detention

and Mr. Renner was released on an unsecured bond.  *See id.*   The parties completed and submitted a Discovery Conference Memorandum that became an order of the Court.  *See* Docs. 5 & 8.

      3. On March 16, 2022, the government provided initial discovery to undersigned counsel consisting of:

> a) 138 pages of material, including investigative police reports, witness statements, and photos;
>
> b) 64 pages of documents relating to the search warrant for Mr. Renner's residence;
>
> c) nine pages of material relating to Mr. Renner's criminal history;
>
> d) 54 pages of records relating to a search warrant for a cellular phone;
>
> e) 11 Excel spreadsheets containing information recovered from a cellular phone; and
>
> d) 22 audio/video files, ranging in length from 25 seconds to 53 minutes, with footage totaling approximately three and a half hours.

Undersigned counsel has initially reviewed the written and video discovery materials tendered by the government, but that review is not yet complete.

      4. On March 18, 2022, the Court entered its "Order Setting Trial Date and Related Deadlines."  *See* Doc. 14.  In the Order, the Court set the motions deadline for April 15, 2022 and the jury trial for May 16, 2022.  The Court also set a Final Trial Prep Conference for May 9, 2022.  *See id.*

<u>Speedy Trial Calculation</u>

      5. Thirty-one days have passed since Mr. Renner appeared in the District of Colorado on March 15, 2022.  *See* 18 U.S.C. § 3161(c)(1) (speedy trial calculation commences on either the filing date of the information/indictment or the date the

defendant appears in the district, "whichever date last occurs.")  Thirty-nine -nine days remain on the original 70-day period.  The original speedy trial date ("70-day date") is May 24, 2022.  By excluding 120 days, the Court would extend the Speedy Trial calculation until approximately September 21, 2022.[1]

Justification for an Extension

6. A summary of the government's alleged evidence[2] against Mr. Renner is:

In the early morning hours of July 16, 2021, the Moffat Fire Department and Saguache County Sheriff's Office responded to a fire at the post office[3] in Moffat, Colorado. The fire was detected quickly by a nearby resident and extinguished. The building sustained some "smoke staining and thermal damage."  The initial classification of the fire was undetermined.
The United States Postal Inspector's investigation led to Mr. Renner, an 81-year old man residing in a camper in Moffat, Colorado.  In early August 2021, law enforcement obtained search warrants for Mr. Renner's residence and cell phone.  In Mr. Renner's residence, officers located information supporting Mr. Renner's involvement in the present offense.
On two or three occasions in August, law enforcement officers spoke to Mr. Renner on the phone. Mr. Renner admitted to being at the Moffat post office when the fire was set, but stated that he was attempting to kill himself by setting himself on fire. He informed the investigators he was suffering from stage four prostate cancer and at one point suggested that "his brain was not quite with him" at the time of the alleged offense.

7. Based on the discovery materials, the charge, and undersigned counsel's experience in defending criminal cases, undersigned counsel has identified four tasks that will be necessary to complete to represent Mr. Renner effectively.

8. First, additional time is required to complete the discovery process, i.e., to

---

[1] An exclusion of 120 days from today's date would go until August 13, 2022.  Thirty-nine days (the remaining time on the speedy trial clock) after that date would take the calculation to September 21, 2022.
[2] The factual information presented herein is derived from information tendered by the government in discovery.  The statements do not constitute admissions by Mr. Renner about how the events actually transpired.
[3] The building was owned by a private citizen who had leased it to the United States Postal Service to be operated as a post office.

obtain and review all discoverable materials.  The government already has disclosed a substantial amount of information, including two search warrants and nearly 3.5 hours of audio/video footage.  Based on conversations with government counsel it is likely that additional information remains outstanding, specifically, a report describing the government's opinions on where accelerant was found in and around the post office.

9. Second, undersigned counsel must thoroughly investigate the alleged offense. Numerous individuals were interviewed in connection with the present investigation.  Some of these witnesses will need to be interviewed by the defense.  The majority of the investigation will occur in or around Moffat County, which is approximately five hours from Denver.

10. Third, undersigned counsel must research all possible pretrial motions, including an analysis of the validity of the search warrants and the admissibility of Mr. Renner's statements.  Undersigned counsel may need to use an expert witness to analyze the relevant arson-related discovery.

11. Fourth, undersigned counsel must consult with Mr. Renner and assist him in determining whether he wants to have a jury trial or plead guilty.  This includes a thorough review of the evidence and an evaluation of Mr. Renner's mental health.  As an 81-year old in late stage cancer, undersigned counsel will need to request his medical records to evaluate his condition.

12. Should Mr. Renner go to trial, undersigned counsel must prepare for that trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, and the coordination of witnesses and exhibits.

13. But if Mr. Renner is not interested in taking the present case to trial, undersigned counsel must attempt to negotiate a favorable disposition with the government, which includes a negotiation of the facts, law, and sentencing guidelines. This process also is time consuming.

14. The present charge is a felony offense, which could be punishable by up to twenty years of imprisonment. *See* Doc. 1.

15. Undersigned counsel contacted government counsel about the present motion. The government has no objection to an extension as requested herein.

16. Undersigned counsel also spoke with Mr. Renner. He also has no objection to the requested extension.

## II.     Standard for Continuances

17. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

18. Pertinent factors that apply to an "ends of justice" finding include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5

*See* 18 U.S.C. §3161(h)(7)(B)(Westlaw 2022).  *See also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

19. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  No single factor is determinative.  *See id.*

20. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III.     Argument

21. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, undersigned counsel requests this Court vacate current deadlines and exclude 120 days from the speedy trial calculations.

22. Undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii) or a finding that the amount of discovery is extensive at this time, but, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation."  18 U.S.C. §3161(h)(7)(B)(iv).

23. Undersigned counsel requires 120 days to: complete the discovery process with the government, review the discovery materials with Mr. Renner, conduct necessary pre-trial investigation, research the appropriate legal issues, prepare pre-trial motions, and prepare for trial and/or negotiate a favorable disposition with the government on Mr. Renner's behalf.

24. Neither the government nor Mr. Renner object to the requested continuance.

25. Failing to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation under 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

26. Finally, a continuance for 120 days would not offend the standard set forth by the Tenth Circuit in *West*.

27. Undersigned counsel has, and will continue to, diligently pursue the defense.  However, the nature and facts are such that no amount of diligent work can insure effective assistance of counsel before the motions deadline nor
Before the trial date as contemplated by the current speedy trial time-frame.

Undersigned counsel has only represented Mr. Renner for approximately one month and additional time is necessary to ensure that Mr. Renner receives effective representation in a case of this magnitude.

28. Undersigned counsel also requests that the Court vacate and reset the motions deadline.

29. Undersigned counsel believes that the requested extension would serve the stated purpose and allow for completing discovery and investigation and the preparation to file motions and be ready for trial.

30. The present request is undersigned counsel's first request for additional time under the Speedy Trial Act.

WHEREFORE, undersigned counsel respectfully requests this Court issue an Order excluding 120 additional days from the speedy trial time limitations, vacating deadlines and the trial date, and setting a new motions deadline in approximately four months.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on April 15, 2022, I electronically filed the foregoing

**DEFENDANT DONALD RENNER'S UNOPPOSED MOTION TO EXCLUDE ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Mr. Al Buchman
Assistant United States Attorney
Email: Al.Buchman@usdoj.gov

And by U.S. Mail to:

Mr. Donald Renner

                s/ *Timothy P. O'Hara*
                TIMOTHY P. O'HARA
                Assistant Federal Public Defender
                633 Seventeenth Street, Suite 1000
                Denver, Colorado  80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                Timothy_OHara@fd.org
                Attorney for Defendant