IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00074-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD ALBERT RENNER,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Donald Albert Renner personally and by counsel, Timothy P. O'Hara, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1 and Fed.R.Crim.P.11(c)(1)(A) and (B). This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees

(1) to waive indictment and plead guilty to an Information charging one violation of Willful Injury or Depredation of Property of the United States, 18 U.S.C. § 1361, and

Court Exhibit 1

(2) to waive certain appellate and collateral attack rights, as explained in detail below.

### B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees to:

(1) Recommend a sentence of not more than 24 months' imprisonment.

(2) move to dismiss Count 1 of the Indictment with prejudice. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

(3) Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection

with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 1361;

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 17; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of

supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II.   ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense of Willful Injury or Depredation of Property of the United States are as follows:

### Count One:  18 U.S.C. § 1361

*First:*    the defendant injured or committed a depredation against property;

*Second:*   the property involved was property of the United States or any department or agency thereof;

*Third*:    the defendant acted willfully;[1]

*Fourth*:   the damage to the property exceeded the sum of $1,000.

## III.   STATUTORY MAXIMUM SENTENCE

---

[1] Based on a plain reading of the statute, the offense is a general intent crime and only requires that Mr. Renner acted willfully. See *United States v. Justice*, 646 Fed. Appx. 642, 644 (10th Cir. 2016) (unpublished) (considering willfulness as a separate element); see also *United States v. Krause*, 914 F.3d 1112, 1127 (8th Cir. 2019) ("willfully" in 18 U.S.C. § 1361 only requires the defendant to have act knowingly and voluntarily; the term does not relate to the latter phrase "property of the United States").

4

The maximum sentence for a violation of Count One of the Information is: not more than 10 years of imprisonment; not more than a $250,000 fine, or both imprisonment and a fine, not more than three years of supervised release, and a $100 special assessment fee.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the following stipulations are true and correct.

In July of 2021, the United States Postal Service (USPS) possessed a lease for and occupied the Moffat Post Office (MPO), located at 17363 State Highway 17, Moffat, Colorado 81143. Further, during that month, USPS possessed other property utilized in postal operations and held at the MPO. Above the MPO was an occupied residential

apartment.

In the early morning of July 16, 2021, the defendant utilized gasoline as an accelerant to willfully start a fire outside of the MPO with knowledge that his actions were unlawful and that the fire risked damage to the MPO. The defendant maintains his actions were part of a suicide attempt, which the government disputes. Evidence of fire (smoke damage and/or thermal damage) from that fire was discovered on the exterior of the MPO, inside the MPO, and inside a blue collection box outside and near the entrance of the MPO, and also on the concrete area in front of the MPO.[2] Fire investigators recovered two samples from carpet samples in the interior of the MPO and one sample from a mat outside the MPO that were identified to contain gasoline.[3] The fire caused more than $1,000 of aggregate damage to USPS property and the MPO's structure, resulting in approximately $12,000 of total damage. Defendant told investigators on July 21, 2021, and August 19, 2021, that he lit himself on fire as a part of a suicide attempt in front of the MPO.

Investigators discovered that defendant had previously attempted to acquire postal service at the MPO on July 13, 2021, but was denied.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing

---

[2] The government believes that the defendant started fires at various locations outside and inside the MPO. The defendant disputes that allegation.
[3] See Footnote 2, *supra*. Additional information about this will be provided by the parties in sentencing filings or at the sentencing hearing.

Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) <u>Base offense level</u>: The government believes that the base offense level is 20 under USSG § 2K1.4, as cross-referenced by Section 2B1.1(c)(2), which directs application to Section 2K1.4 when the offense involves arson.[4] The defendant believes that the base offense level is 6 under USSG §2B1.1(a)(2).

b) <u>Specific offense characteristics</u>: The government does not believe any specific offense characteristics apply. The defendant believes that there is a two-level enhancement under USSG §2B1.1(b)(1)(B).

c) <u>Adjustments:</u> There are no victim-related, role-in-offense, obstruction, grouping, and/or multiple-count adjustments.

d) According to the government, the adjusted offense level is 20. According to the defense, the adjusted offense level is 8.

e) <u>Acceptance of responsibility</u>: According to the government, the defendant should receive a three-level adjustment for acceptance of responsibility under USSG § 3E1.1. The resulting total offense level is 17. According to the defendant, he should receive a two-level adjustment for acceptance of responsibility under USSG § 3E1.1. The resulting offense level is 6.

f) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history

---

[4] The defendant denies that the offense "involves arson" as required by the cross reference to USSG §2B1.1.

7

category I.

g) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h) The advisory guideline range resulting from the government's calculation is **24-30 months**. The advisory guideline range resulting from the defendant's calculation is **0-6 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 0 months (offense level 6, bottom of Category I) to 63 months (offense level 17, top of Category VI). The guideline range would not exceed, in any case, the statutory maximums applicable to the count of conviction.

i) Fine: Pursuant to guideline § 5E1.2, assuming the estimated offense level of 17, the fine range for this offense would be $ 10,000 to $ 95,000, plus applicable interest and penalties. If the offense level is 6, the fine range for this offense would be $1,000 to $9,500, plus applicable interest and penalties.

j) Supervised Release: Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term at least one year, but no more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 10-13-22

Donald Renner
Defendant

Date: 10/13/22

Timothy P. O'Hara
Attorney for Defendant

Date: 10/13/22

Albert Buchman
Assistant U.S. Attorney

9